## MATTER OF BELMARES-CARRILLO

### In Exclusion Proceedings

### A-17881461

*Decided by Board March 12, 1969*

(1) Since the language of the Department of Labor guideline for issuance of a certification under section 212(a)(14) of the Immigration and Nationality Act, as amended, as a machinist, is flexible so as to permit a greater or lesser period of training, substantial compliance with the requirement is sufficient. Hence, appellant, who has had 3 years and 9 months training and experience as a machinist, satisfies the guideline of the Department of Labor that 4 years training is "generally necessary" for certification as a machinist.

(2) A special inquiry officer has authority in exclusion proceedings to determine whether the representation upon which a Department of Labor certification was based was correct.

EXCLUDABLE: Act of 1952—Section 212(a)(14) [8 U.S.C. 1182(a)(14)]—No valid labor certification.

Section 212(a)(19) [8 U.S.C. 1182(a)(19)] Obtained visa by fraud or willful misrepresentaton of a material fact.

ON BEHALF OF SERVICE: William E. Weinert
Trial Attorney
(Brief filed)

The case comes forward on appeal from the decision of the special inquiry officer dated October 4, 1968 finding the charges stated above not to be sustained, and ordering that the applicant be admitted as a special immigrant.

The record relates to a native and citizen of Mexico, 25 years old, single, male, who applied at the port of El Paso, Texas on September 25, 1966 for admission as a special immigrant. He presented an unexpired immigrant visa and a valid Mexican passport.

The applicant was questioned under oath by an immigrant officer on September 25, 1968 (Ex. 3). The special inquiry officer has fully set forth the contents of this sworn statement as well as

the testimony of the applicant and no point would be served by a repetition of the details. Briefly, the applicant admitted that one of his letters as to his employment or experience from Vaciados Industriales was not true and correct. He testified that he began working for that company in October 1964 as distinguished from the information in the letter that he began working for that company in February 1963. He explained that the letter was written for him as a favor to show that he worked for this employer for a period of three years, because he had learned from some co-employees about the requirement for five years experience as a machinist. The applicant actually worked for Vaciados Industriales as a machinist from October 1964 until May 1966. He then worked for Cristaleria S.A., from June 1966 until May 1967, also as a machinist. He worked for his father as a carpenter from June 1967 until around March 1968. The applicant resumed working for Vaciados Industriales in June 1968 until September 1968 when he terminated his employment upon receiving the immigrant visa in order to come to the United States. He testified that he had eleven months' training as a machinist in the Central Juvenil de Seguridad Social in Monterrey, Nuevo Leon, Mexico, and graduated as a machinist on October 23, 1964, presenting a certificate which he had received from this school (Ex. 4). He testified that during the eleven months he attended the school from about 6:00 P.M. to 9:00 P.M. daily and received training as a machinist.

The actual periods of employment from October 1964 until September 1968 amounted to two years and ten months, not counting the interruption in employment during the time he worked as a carpenter for his father. In addition, he had eleven months of training in machine shop work which he completed on October 23, 1964. Thus, counting the school work and the periods in the two machine shops, the applicant had a total of about three years and nine months training as a machinist according to the evidence he presented, which has not been controverted.

The applicant submitted to the American Consulate at Monterrey on March 19, 1968 Form ES-575A, Application for Employment Certification, as a Lathe Mechanic. This application was supported by letters from his two employers for the dates specified as described previously. He testified that he also submitted a certificate from the school which was returned to him by the consul. A Labor certification was issued to the applicant on Form ES-575A on May 9, 1968 certifying him as a tunnel lathe operator.

196

The Labor Department's regulation, 29 CFR Part 60, Schedule C, describes the qualification of a machinist with the parenthetical notation that four-year training is "generally necessary" for satisfactory work performance in this field. The regulation of the Labor Department, 29 CFR 60.5 provides that a certification which is issued under that Part is invalid if the representations upon which it is based are incorrect. The special inquiry officer concluded that in the course of an exclusion hearing he had the authority to determine whether the representation upon which the Labor Department's certificate was based was correct or was incorrect, and it was not necessary to refer to the Labor Department on this matter. He likened the case to that of a determination by a special inquiry officer during an exclusion or a deportation hearing, as to the materiality of a misrepresentation which was made to an American Consul in the application for an immigrant visa, and where the consul's statement as to whether he regards the misrepresentation as material is not controlling on the special inquiry officer.[1]

The applicant actually possessed three years and nine months' training and experience as a machinist. The Labor Department's regulation, 29 CFR Part 60, Schedule C, provides that four years' training is *generally* necessary to qualify an individual as a machinist. The Labor Department's suggestion that four years' training is generally necessary is only a guideline. The language used is not inflexible so that a lesser or greater period can be accepted. Substantial compliance with the requirement may be sufficient. The applicant actually has had a sufficient period of training to comply substantially with the definition for machinist and Schedule C of the Labor Department's regulations. The Labor certificate is not invalid under 29 CFR 60.5. We agree with the special inquiry officer that the applicant is not excludable under section 212(a)(14) of the Immigration and Nationality Act for lack of a valid Labor certification.

As to the question of whether the applicant was excludable under section 212(a)(19) of the Immigration and Nationality Act by reason of having obtained an immigrant visa by fraud or by willful misrepresentation of a material fact, the special inquiry officer by applying the tests for materiality set out in *Matter of S — and B—C—*, 9 I. & N. Dec. 436, found that the misrepresentation was not material. The Attorney General held in *Matter of S— and B—C—*, that a misrepresentation made in connection

[1] *Matter of M—*, 4 I. & N. Dec. 532; *Matter of M—*, 7 I. & N. Dec. 222, 225; *Matter of Martinez-Lopez*, 10 I. & N. Dec. 409, 410.

with an application for a visa or other documents, or with entry into the United States, is material if either (1) the alien is excludable on the true facts, or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded. The application of the test turns on the answers to three questions. First, does the record establish that the alien is excludable on the true facts? If it does, then the misrepresentation was material. Second, does the misrepresentation tend to shut off a line of inquiry which is relevant to the alien's eligibility? Third, if a relevant line of inquiry has been cut off, might that inquiry have resulted in a proper determination that the alien be excluded?

The applicant is not excludable on the true facts, on the basis of his training as a machinist. Using the second step of the test, his misrepresentation did tend to shut off a line of inquiry relevant to his eligibility—the actual number of years of training he had. However, applying the third step of the test, the applicant would have been able to demonstrate that he had sufficient training as a machinist to qualify for a Labor certificate. The period of three years and nine months is sufficient compliance with the regulations of the Labor Department. The applicant is not excludable under section 212(a)(19) of the Act.

The trial attorney has filed a brief taking issue with the findings of the special inquiry officer. Breaking down the figures supplied by the applicant, the trial attorney concludes that the applicant has 83 per cent of training and experience generally considered necessary by the Department of Labor for a machinist. However, in view of the language of the regulation relating to a machinist; that four years' training is generally necessary, it is apparent from the language used that this requirement is simply a guideline and that the training of the applicant sufficiently and substantially complied with the regulations of the Labor Department. As to the other objection raised by the trial attorney, we believe the special inquiry officer correctly applied the standard set forth in *Matter of S— and B—C—*, 9 I. & N. Dec. 436. The appeal of the trial attorney will be dismissed.

ORDER: It is ordered that the appeal of the trial attorney be dismissed and that the order of the special inquiry officer admitting the applicant as a special immigrant be and the same is hereby approved.