09-3094-ag
*Souza v. Holder*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of August, two thousand ten.

PRESENT:

        JOSEPH M. McLAUGHLIN,
        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

---

JASON MATEUS DE SOUZA,

        *Petitioner*,

        v.                                              09-3094-ag

ERIC H. HOLDER, JR., ATTORNEY GENERAL                    Summary Order
OF THE UNITED STATES

        *Respondent*.

---

FOR PETITIONER:                 Michael Boyle (Justin Conlon, *on the brief*), Law Offices of Michael Boyle, North Haven, CT.

FOR RESPONDENT:              Rebecca Hoffberg, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General, Civil Division, and William C. Peachey, Assistant Director, Office of

Immigration Litigation, *on the brief*), Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA" or "Board"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jason Mateus de Souza ("Souza") appeals from a July 7, 2009 order of the BIA, affirming the September 28, 2007 order of Immigration Judge ("IJ") Michael W. Straus, denying Souza's application for adjustment of status. *See In re Souza*, No. A070 981 733 (B.I.A. July 7, 2009), *aff'g* A070 981 733 (Immig. Ct. Hartford, Conn. Sept. 28 2007). We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") as amended by the REAL ID Act, this Court lacks jurisdiction to review denials of relief committed to the discretion of the Attorney General, including specifically denials of adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i). We nonetheless retain jurisdiction to review "constitutional claims or questions of law" raised in response to denials of such relief. *Id.* § 1252(a)(2)(D); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 41 n.6 (2d Cir. 2008) (observing that "[i]f an asserted constitutional claim or question of law is colorable, we have jurisdiction to review it, whether or not it is ultimately found to be meritorious," whereas patently insubstantial or frivolous legal arguments warrant dismissal for lack of jurisdiction); *Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007) (same).

Where the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). We review the IJ's and BIA's determinations of law *de novo*, *Bah v. Mukasey*, 529 F.3d 99, 110 (2d

Cir. 2008), according *Chevron* deference to the BIA's construction of the Immigration and Nationality Act ("INA"), but not to its interpretation of other state or federal statutes, with whose administration the Board is not charged, *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 165 (2d Cir. 2006).

On appeal to this Court, Souza argues primarily that the BIA's and IJ's decisions denying him adjustment of status present a question of law in that they violated the Board's prior precedent. In *In re Perez-Vargas*, the Board held that an IJ lacks jurisdiction to determine whether an alien's employment-based visa petition remains valid in the event of a change in the employment that had formed the basis for the alien's labor certification, notwithstanding a provision of the Immigration and Nationality Act ("INA") indicating that the petitions of such applicants "shall remain valid . . . if the new job is in the same or a similar occupational classification as the job for which the petition was filed," INA § 204(j); 8 U.S.C. § 1154(j). *See In re Perez-Vargas*, 23 I. & N. Dec. 829 (BIA 2005). The Board in *Perez-Vargas* reasoned that such determinations fell within the exclusive jurisdiction of the Department of Homeland Security. 23 I & N Dec. at 831-34.

Souza contends that *Perez-Vargas* prohibited the IJ in this case from "looking behind" his approved visa application for any purpose, notwithstanding the IJ's determination, based on inconsistencies in Souza's testimony and the evidence submitted in support of his application for adjustment of status, that Souza had committed fraud in obtaining his labor certification and resulting visa. Souza observes, moreover, that the Board previously remanded the IJ's determination that he was "ineligible" for his employment-based visa on the basis of fraud, citing *Perez-Vargas* as the basis for its decision. Souza argues, in effect, that the IJ's subsequent reliance on the same evidence of fraud to deny Souza adjustment of status as a matter of discretion, rather than on the

3

basis of his eligibility for relief, represented an effort to evade the Board's remand order, and that the Board itself violated the "law of the case" doctrine by affirming the IJ's second decision.

As a more recent decision of the BIA overruling *Perez-Vargas* makes clear, IJs have long possessed the authority to consider evidence of fraud in determining whether an alien may be admitted to the United States, even where the fraud involves the circumstances under which an alien acquired a visa, which the IJ lacks the authority to revoke. *See In re Neto*, 25 I & N Dec. 169, 175 (B.I.A. 2010) (noting specifically that "[i]n the labor certification context, Immigration Judges may assess whether the representations forming the basis for a labor certification approval were accurate, despite not being allowed to actually approve labor certifications" (citing *In re Belmares-Carrillo*, 13 I. & N. Dec. 195 (BIA 1969))); *id.* ("[E]ven when a visa petition is approved, the alien is not immunized from having the basis for the visa petition examined by an Immigration Judge, if warranted, once the alien is placed in removal proceedings, as part of the . . . determination whether the alien is entitled to be admitted to the United States." (citing, *inter alia*, INA § 204(e), 8 U.S.C. § 1154(e))); *cf.* 8 U.S.C. § 1182(a)(6)(C)(i) (rendering inadmissible aliens who have misrepresented a material fact when seeking to procure a visa); *Emokah v. Mukasey*, 523 F.3d 110 (2d Cir. 2008) (reviewing whether BIA and IJ committed legal error in the course of determining whether petitioner's misrepresentations were willful and material). Accordingly, we see no error of law in the IJ's reliance upon evidence of fraud in determining that Souza did not merit a favorable exercise of discretion in the form of adjustment of status. We further note, as did the BIA in its second decision in this case, that the Board's initial remand order did not purport to limit the grounds the IJ might consider in exercising his discretionary authority. Souza's contention that the IJ or BIA ignored the terms of the remand order is without merit.

We have considered the Petitioner's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk