**Altin STROKA, Elda Stroka, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–0873–ag.

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**32**

Victor Roger Rubin, International Law Counsel, P.C., New York, NY, for petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Molly L. Debusschere, Trial Attorney, Office of Immigration Litigation, Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners Altin and Elda Stroka, natives and citizens of Albania, seek review of a February 9, 2007 order of the BIA affirming the August 15, 2005 decision of Immigration Judge ("IJ") William F. Jankun pretermitting their application for asylum, and denying Altin Stroka's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Altin Stroka, Elda Stroka,* Nos. A 97 209 348, A 97 209 349 (B.I.A. Feb. 9, 2007), *aff'g* Nos. A 97 209 348, A 97 209 349 (Immig. Ct. N.Y. City Aug. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Yi Long Yang v. Gonzales,* 478 F.3d 133, 141 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

 Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). The Strokas argue that the IJ violated their due process rights by declining to credit their testimony regarding their arrival date. However, this argument challenges only "the correctness of the [IJ's] factual findings" with respect to whether the Strokas established their claimed date of entry into the United States, and, accordingly, does not raise a reviewable question of law. *See Gui Yin Liu v. INS,* 508 F.3d 716, 722 (2d Cir.2007) (concluding that the IJ did

not "unambiguous[ly] mischaracterize" the record so as to raise a question of law).

The Strokas also challenge the IJ's finding that Mr. Stroka's passport indicated that he entered Greece in August 2000, and "there [wa]s no documentation that he ever returned to Albania." The Strokas cite several documents in the record reflecting that Mr. Stroka served as an election observer in Albania in 2001, which they contend indicate that he returned to Albania after August 2000. Nonetheless, even assuming that the IJ misapprehended the record in finding that there was no documentary evidence indicating that Mr. Stroka returned to Albania after August 2000, he did not "unambiguous[ly] mischaracteriz[e] a central element of the record." *Id.* To the contrary, Mr. Stroka's presence in Albania in 2001 would not detract from the IJ's overall finding that he failed to establish that he entered the United States in June 2002. Thus, the Strokas's contention that Mr. Stroka returned to Albania after August 2000 does not present a reviewable question of law. *See id.*

■ Finally, the Strokas contend that the IJ applied an inappropriately stringent legal standard in determining whether they had satisfied the one-year filing deadline. We have held that a petitioner raises a question of law where he argues that the agency applied an erroneous legal standard in making a discretionary determination. *Khan v. Gonzales,* 495 F.3d 31, 35 (2d Cir.2007). Thus, we may review the Strokas's argument in this respect. *See id.* Nonetheless, it is without merit. The Strokas assert that the IJ held them to a standard more akin to "proof beyond a reasonable doubt" than the applicable "clear and convincing" evidence standard when he stated that a picture of them in

Greece was "not conclusive evidence of when [they] entered the United States." However, the record reflects that the IJ was merely indicating that the picture itself was not evidence of their arrival date where there was no connection between their departure from Greece and their entry into the United States. Thus, this challenge to the IJ's timeliness finding is unavailing.

■ With respect to Altin Stroka's challenge to the IJ's denial of his withholding of removal claim, we conclude that, even assuming that Mr. Stroka was a credible witness, substantial evidence supports the agency's determination that conditions in Albania had fundamentally changed such that his life or freedom would no longer be threatened there on account of his political opinion. As the BIA and IJ correctly noted, country conditions evidence in the record indicated that Mr. Stroka's party, the Democratic Party, won control of parliament in the July 2005 elections. And although the articles in the record indicated that one Democratic Party supporter and one election official were killed, as well as an individual involved in the killing of the Democratic Party supporter, no other incidents of violence were reported and the election was otherwise reported to have been "generally peaceful." Under these circumstances, the BIA and IJ reasonably found that the Democratic Party's return to power supported the conclusion that Mr. Stroka's life or freedom would not be threatened in Albania. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006) (per curiam) (affirming the agency's finding that the Democratic Party's win in the 2005 Albanian elections constituted a fundamental change rebutting the presumption of a well-founded fear of persecution in a withholding of removal claim).[2]

**2.** While Mr. Stroka also asserts that the So-

cialist Party emerged as "the winner of the

Because the changed country condition finding is supported by the record and is dispositive of Mr. Stroka's withholding of removal claim, *see* 8 C.F.R. § 1208.16(b)(1)(i)(A), we decline to reach the agency's adverse credibility and corroboration findings.

Lastly, because Mr. Stroka has failed to sufficiently challenge the agency's denial of his CAT claim, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such challenge waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

February 18, 2007 local elections in Albania," and submits two 2007 documents stating that the Democratic Party had a "poor showing" in those same elections, this evidence is beyond the scope of the Court's review. 8 U.S.C. § 1252(b)(4)(A). The proper course would be for Mr. Stroka to file a motion to reopen before the BIA based on new evidence. 8 C.F.R. § 1003.2(c); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir.2007) (holding that any inherent power the Court had to remand to the BIA for the consideration of additional evidence "should not" be exercised where "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence").

