**Hilda Yaneth ALVAREZ–GARZON, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1348–ag.

United States Court of Appeals, Second Circuit.

Jan. 9, 2009.

Glenn L. Formica, New Haven, CT, for Petitioner.

Ana T. Zablah–Monroe (David V. Bernal, Assistant Director, Office of Immigration Litigation, U.S. Department of Jus-

tice, Washington, D.C., on the brief) for Gregory G. Katsas, Assistant Attorney General, Civil Division, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, Circuit Judges, and Hon. JOHN G. KOELTL, District Judge.*

## SUMMARY ORDER

Hilda Yaneth Alvarez–Garzon, a native and citizen of Colombia, appeals from the BIA's decision affirming the denial of her application for cancellation of removal. *In re Hilda Yaneth Alvarez–Garzon,* No. A 72 582 046 (B.I.A. Feb. 22, 2008), *aff'g* No. A 72 582 046 (Immig. Ct. Hartford, CT Apr. 9, 2007). We assume the parties' familiarity with the underlying facts, issues on appeal, and procedural history of the case.

Under INA § 242(a)(2)(B)(i), we lack jurisdiction to review decisions committed to the discretion of the Attorney General, including those regarding cancellation of removal. *See Barco–Sandoval v. Gonzales,* 516 F.3d 35, 38–39 (2d Cir.2008). However, we still retain jurisdiction to consider a petitioner's legal or constitutional claims. INA § 242(a)(2)(D). Nevertheless, "[w]e do not rely solely on a petitioner's description of his claims" in determining whether the appeal raises a question of law or constitutional claim. *Khan v. Gonzales,* 495 F.3d 31, 35 (2d Cir.2007). Rather, "when analysis of the arguments raised by the petition for judicial review reveals that they do not in fact raise any reviewable issues, the petitioner cannot overcome this deficiency and secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-

finding or the exercise of discretion." *Id.* at 35 (internal quotation marks omitted).

We conclude that Alvarez–Garzon has not raised a claim reviewable by this court. First, 2 she argues that the Immigration Judge ("IJ") based his decision on one BIA decision, *Matter of Monreal–Aguinaga,* 23 I. & N. Dec. 56 (BIA 2001), and did not review her claim under the "more nuanced standard ... that was developed by the Board of Immigration Appeals [in *Matter of Recinas,* 23 I. & N. Dec. 467 (BIA 2002) ]." Pet. Br. 9. This claim does not raise a question of law. As we specifically stated in *Barco–Sandoval,* "*Recinas* is so obviously an application of *Monreal–Aguinaga,* leaving the latter's standard intact, that [Petitioner's] argument that the agency incorrectly relied on *Monreal–Aguinaga* rather than *Recinas* in denying his application for cancellation of removal does not even reach the level of being colorable." 516 F.3d at 41.

Second, Alvarez–Garzon argues that the IJ also applied the wrong standard in considering whether her children had a viable alternative of living with their father in the United States. However, as the government points out, Alvarez–Garzon did not raise this issue before the BIA. *See Lin Zhong v. DOJ,* 480 F.3d 104, 124 (2d Cir.2007) (the failure to exhaust issues before the BIA creates an affirmative defense which may be raised by the government). Thus, Alvarez–Garzon's petition is denied as to this issue.

For the foregoing reasons, this petition for review is DISMISSED in part and DENIED in part.

---

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.