**Mirza Fareed BAIG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.[1]**

No. 08–4498–ag.

United States Court of Appeals, Second Circuit.

June 24, 2009.

Amy N. Gell, New York, NY, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mirza Fareed Baig, a native and citizen of Pakistan, seeks review of an August 14, 2008 order of the BIA, affirming the November 13, 2006 decision of Immigration Judge ("IJ") Elizabeth Lamb, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mirza Fareed Baig,* No. A95 969 510 (B.I.A. Aug. 14, 2008), *aff'g* No. A95 969 510 (Immig. Ct. N.Y. City Nov. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

With respect to asylum, Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D); 8 U.S.C. § 1158(a)(3). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

To the extent that Baig argues that the IJ erred by applying the incorrect standard in assessing whether he established an exception to the one-year filing deadline, this Court has jurisdiction to consider this question of law. *See Ilyas Khan v.* *Gonzales,* 495 F.3d 31, 35 (2d Cir.2007) (holding that "where, as here, a petitioner argues that the agency applied an erroneous legal standard in making a discretionary determination, the petitioner raises a question of law, which we have jurisdiction to review."). Here, the IJ stated that "an individual must apply for political asylum within a year of entry into the United States unless there are circumstances that are not within his or her control and that are extreme." Baig argues that "extreme" was the incorrect standard to assess whether he established "extraordinary circumstances." As the Government correctly asserts, Baig fails to identify any material difference between the IJ's use of "extreme" rather than "exceptional," and regardless of the misstatement, the IJ properly considered the correct legal standard as she referenced the regulation.

Additionally, Baig argues that the IJ violated his due process rights by failing to consider the affidavit from his doctor regarding his psychological state. In order to determine whether jurisdiction exists in an individual case, our Court has said that we would "need to study the arguments asserted" in a petition for review and determine, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,'" in which case those particular issues could be addressed. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). Despite Baig's use of constitutional rhetoric, he merely challenges the weight the IJ afforded the doctor's affidavit. Accordingly, we lack jurisdiction to review this argument. *Id.*

We thus proceed to review Baig's challenge to the agency's denial of his applica-

tion for withholding of removal and CAT relief. When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Here, the agency's adverse credibility finding was supported by substantial evidence. The IJ properly found Baig not credible where he submitted documentation that contradicted his own testimony. While Baig testified that he was never arrested, tortured, or directly threatened while in Pakistan, he submitted two affidavits which indicated that he was "tortured and humiliated," and a third affidavit which indicated that the police were instructed to torture and humiliate him and that he received threatening phone calls. When confronted with the affidavits and asked why they referred to incidents that he testified had never occurred, Baig responded that the "people don't speak English [t]here. They are not educated. They have used this sentence or word that they will arrest you and that that's why they will do to you." We cannot say that the IJ acted unreasonably in declining to credit Baig's explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005).

Additionally, the IJ could reasonably rely on inconsistencies between Baig's testimony and his asylum application, and did so rely. While Baig testified that his asylum application was untimely because he suffered from post-traumatic stress disorder and was depressed as a result of the deaths of his children, he stated in his asylum application that it was untimely because he did not understand the law, never indicating that he had children or that any of his children had died. Contrary to Baig's argument that the agency failed to demonstrate a nexus between "the inconsistencies in the testimony and the claims," the inconsistencies between Baig's testimony and his documentary evidence directly relate to whether he suffered persecution and whether he has a well-founded fear of future persecution. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) *abrogated, in part, on other grounds by Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 166 (2d Cir.2008).

Ultimately, the agency's adverse credibility finding was supported by substantial evidence. Therefore, the agency properly denied withholding of removal and CAT relief, where those claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED.

---

**2.** While Baig does not specifically address CAT relief in his brief, he does challenge the agency's adverse credibility determination, which was dispositive of each of his claims.

Thus, we do not dispose of his CAT claim on waiver grounds. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).