Khan v. Gonzales

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Argued: February 1, 2007                                            Decided: July 26, 2007)

Docket No. 05-4905-ag

_____

ILYAS KHAN,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

Before: POOLER and RAGGI, Circuit Judges, and SAND, District Judge.*

_____

Petition for review of an order of the Board of Immigration Appeals denying a motion for

reconsideration in petitioner's application for a waiver of deportability pursuant to former

Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996).  We

hold that we have jurisdiction to review petitioner's claims that the IJ applied the wrong standard

and unambiguously misstated pertinent facts.  DENIED in part and DISMISSED in part.

_____

* The Honorable Leonard B. Sand, United States District Court for the Southern District
of New York, sitting by designation.

1

SANDRA PEREZ, Kew Gardens, NY, for Petitioner.

JOHN P. CRONAN, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Kathy S. Marks, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

_____

POOLER, Circuit Judge:

Petitioner Ilyas Khan, a native and citizen of Pakistan, petitions for review of an August 9, 2005, order of the Board of Immigration Appeals ("BIA"), denying his motion for reconsideration. In re Ilyas Khan, No. A. 90 666 853 (B.I.A. Aug. 9, 2005). Previously, on November 9, 2004, the BIA affirmed the February 3, 2004, order of Immigration Judge ("IJ") Adam Opaciuch, denying petitioner's application for a waiver of deportability pursuant to former Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996[1]). In re Ilyas Khan, No. A. 90 666 853 (B.I.A. Nov. 9, 2004), aff'g No. A. 90 666 853 (Immig. Ct. N.Y. City Feb. 3, 2004).

In his petition for review, Khan argues that the BIA erred in denying his motion for reconsideration because the underlying IJ decision contained several legal errors. Khan also contends that the BIA failed to comply with its own regulations when it affirmed the IJ's decision without issuing an opinion. For the reasons set forth below, we deny Khan's petition to the

_____

[1] Although Section 212(c) has been repealed, the government concedes that this provision applies to Khan, because he pleaded guilty to his crimes prior to the repeal of this section. See INS v. St. Cyr, 533 U.S. 289, 326 (2001) (holding that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect").

2

extent it raises questions of law over which we have jurisdiction, and we dismiss the remaining portions of the petition for lack of jurisdiction.

**BACKGROUND**

Khan entered the United States in 1984 or 1985 and became a lawful permanent resident in 1990. In October 1995, Khan was convicted in the United States Court for the Southern District of New York of (1) distribution and possession with intent to distribute heroin, and (2) conspiracy to distribute and possession with intent to distribute heroin. Khan was sentenced to time served, approximately fourteen months, and three years of supervised release.

On October 27, 2001, U.S. immigration authorities detained Khan after he was refused admission to Canada due to his criminal convictions. Khan was charged with being deportable pursuant to INA Section 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who had been convicted of a violation of a law related to a controlled substance, and pursuant to INA Section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Through counsel, Khan applied for a discretionary waiver of deportation under former INA Section 212(c).

In an oral decision, the IJ denied Khan's application for Section 212(c) relief and ordered Khan removed to Pakistan. The IJ concluded that Khan had not demonstrated that he warranted a favorable exercise of discretion, because he had not shown "unusual or outstanding equities to counterbalance his criminal history." Khan appealed this decision to the BIA, arguing that the IJ erred in (1) failing to consider certain positive factors that weighed in favor of a grant of discretion, and (2) requiring that Khan show "unusual or outstanding equities" in order to

3

establish that he warranted a favorable exercise of discretion. The BIA summarily affirmed the IJ's decision, and Khan did not petition this court for review. Instead, Khan moved for reconsideration of the BIA decision, arguing once again that the IJ (1) failed to consider the many "highly positive factors" that weighed in favor of a positive exercise of discretion and (2) misapplied the law. The BIA denied Khan's motion, noting that Khan "largely reiterate[d] the same arguments that he presented on" direct appeal. The Board was "not persuaded that [it] committed an error of fact or law in [its] prior decision by affirming the Immigration Judge's discretionary denial of relief." Finally, the BIA held that "[t]o the extent that [Khan's motion] raises new arguments, they essentially assert that his case should not have been affirmed without opinion by a single Board Member," and such arguments were "barred by regulation."

## DISCUSSION

### 1. Jurisdiction

The government argues that we lack jurisdiction to review Khan's petition for review because we are precluded from reviewing a challenge brought by "an alien who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), or a challenge to the agency's denial of discretionary relief, see 8 U.S.C. § 1252(a)(2)(B)(ii). See also Martinez-Maldonado v. Gonzales, 437 F.3d 679, 683 (7th Cir. 2006) ("[W]e lack jurisdiction over motions to reopen and reconsider in cases where we lack jurisdiction to review the underlying order."); Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1262 (11th Cir. 2003) (When a jurisdiction-stripping provision deprives the court of jurisdiction over the underlying order, "it strips us of jurisdiction to entertain an attack on that order mounted through filing of a motion to

4

reopen."); Sarmadi v. INS, 121 F.3d 1319, 1322 (9th Cir. 1997) ("[W]here Congress explicitly withdraws our jurisdiction to review a final order of deportation, our authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn.").

However, the jurisdiction-stripping provisions on which the government relies are both subject to the exception set forth in 8 U.S.C. § 1252(a)(2)(D), which restores our jurisdiction to review "constitutional claims or questions of law." See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 324 (2d Cir. 2006).[2] As we explained in Xiao Ji Chen, we have "not determine[d] the precise outer limits of the term 'questions of law.'" Id. at 328. We have, however, suggested that a question of law arises "where a discretionary decision is argued to be an abuse of discretion because it was . . . based on a legally erroneous standard." Id. at 329. We have also indicated that a "question of law" might "arise for example in fact-finding which is flawed by an error of law, such as might arise where the IJ states that his decision was based on petitioner's failure to testify to some pertinent fact when the record of the hearing reveals unambiguously that the petitioner did testify to that fact." Id. (citing Tian-Yong Chen v. INS, 359 F.3d 121, 127 (2d Cir. 2004)).

To determine whether we have jurisdiction to consider a petition for review, we must

---

[2] This amended decision in Xiao Ji Chen "substantially revised," the jurisdictional analysis set forth in the original Xiao Ji Chen decision. See Xiao Ji Chen, 471 F.3d at 319 n.**; cf. Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 150-55 (2d Cir. 2006). Thus, as we explained in the revised opinion, "[d]ecisions of our Court that have relied on the [jurisdictional analysis] of the [earlier] opinion should not be considered controlling to the extent that they interpreted the phrase 'questions of law' more narrowly than does th[e] revised opinion." 471 F.3d at 319 n.**; see, e.g., Avendano-Espejo v. Dep't of Homeland Sec., 448 F.3d 503, 505 (2d Cir. 2006) (per curiam); Bugayong v. INS, 442 F.3d 67, 71-72 (2d Cir. 2006) (per curiam); Saloum v. U.S. Citizenship & Immigration Servs., 437 F.3d 238, 242-43 (2d Cir. 2006) (per curiam).

"study the arguments asserted." Id. at 329. We do not rely solely on a petitioner's description of his claims, but scrutinize a petitioner's arguments to determine whether they raise reviewable questions. Thus, "when analysis of the arguments raised by the petition for judicial review reveals that they do not in fact raise any reviewable issues, the petitioner cannot overcome this deficiency and secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." Id. at 329-30. On the other hand, even when the petitioner fails to invoke the rhetoric of a "constitutional claim" or "question of law," our analysis of a petitioner's arguments may reveal that they do in fact raise reviewable issues.

Here, Khan contends that the IJ made several errors. First, he argues that the IJ improperly imposed a heightened legal standard by requiring that Khan demonstrate "unusual or outstanding equities" that would overcome the seriousness of his prior convictions. Khan argues that in doing so, the IJ improperly applied a "threshold test" and failed to undertake the necessary "complete review of the favorable factors" in his case. See In re Edwards, 20 I. & N. Dec. 191, 196 & n.3 (B.I.A. 1990). Following Xiao Ji Chen, we hold that where, as here, a petitioner argues that the agency applied an erroneous legal standard in making a discretionary determination, the petitioner raises a question of law, which we have jurisdiction to review.

We note in passing that Khan's legal analysis lacks merit. The record demonstrates that the IJ correctly articulated and applied the legal standard set forth in Matter of Edwards, reviewing and balancing all the relevant factors in Khan's case. See id.; see also Correa v. Thornburgh, 901 F.2d 1166, 1170 (2d Cir. 1990); In re Sotelo-Sotelo, 23 I. & N. Dec. 201, 203-04 (B.I.A. 2001). However, Khan's failure to make a meritorious substantive claim should not

6

be confused with an attempt to overcome a lack of jurisdiction by invoking the rhetoric of a "question of law." Cf. Xiao Ji Chen, 471 F.3d at 330. Our analysis of whether a petition presents reviewable claims focuses on the nature of the claims raised and not on the merits of those claims. Khan's argument that the IJ applied the wrong legal standard in this case should not be mischaracterized as an impermissible attempt to challenge the IJ's exercise of his discretion simply because Khan misunderstands the applicable law. Thus, despite the fact that Khan's legal argument is without merit, because Khan raises a "question of law," we conclude that we have jurisdiction to review his claim.

Khan also argues that the IJ misconstrued and ignored important facts in the record. Khan claims that the IJ directly contradicted the record when he indicated that Khan had multiple drug convictions, rather than a single conviction for a drug transaction involving two counts, and "completely distorted the actual facts" when he described Khan's nine years of employment with the same company as merely "a fairly steady work history." The existence of Khan's serious criminal record was central to the IJ's determination that Khan did not warrant a favorable exercise of discretion, and therefore, an unambiguous misstatement by the IJ concerning Khan's record would present the type of situation we described in Xiao Ji Chen, where we indicated that under these circumstances, fact-finding might be "flawed by an error of law." See Xiao Ji Chen, 471 F.3d at 329; see also Gui Yin Liu v. INS, 475 F.3d 135, 138 (2d Cir. 2007) (holding that an "IJ's unambiguous mischaracterization of the record raises a question of law"). Thus, to the extent Khan claims that the IJ based his decision on an unambiguous misstatement of pertinent facts in the record, we hold that he raises a question of law over which we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We also hold, however, that we are precluded from considering this

challenge because Khan failed to raise this issue before the BIA, and the government raises issue exhaustion as an affirmative defense.  See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 107 n.1 (2d Cir. 2007); Xiao Ji Chen, 471 F.3d at 320 n.1.  Moreover, Khan's attempt to challenge the IJ's characterization of his work history does not present a question of law, because it merely quibbles with the IJ's description of the facts.  We therefore lack jurisdiction to review Khan's claim regarding his work history.  See Xiao Ji Chen, 471 F.3d at 329 ("[W]e remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion."); see also Gui Yin Liu, 475 F.3d at 138 (noting that we lack jurisdiction where petitioner challenges the IJ's characterization of his testimony).

Finally, we lack jurisdiction to review Khan's argument that in affirming the IJ's decision without opinion, the BIA failed to comply with its streamlining regulation, 8 C.F.R. § 1003.1(e)(4)(i).  See Kambolli v. Gonzales, 449 F.3d 454, 465  (2d Cir. 2006) ("[W]e lack jurisdiction to review a claim that a single BIA member erred in deciding to resolve unilaterally an appeal of an IJ's order and not to refer the case to a three-member BIA panel.").

**2.      Motion to Reconsider**

Because we conclude that Khan raises a "question of law" over which we have jurisdiction, we turn to the merits of Khan's petition, which challenges the BIA's denial of his motion to reconsider.  See Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006) (observing that "we are precluded from passing on the merits of the underlying [removal] proceedings" where petitioner appeals only BIA's denial of motion to reconsider and does not appeal agency's underlying removal decision (internal quotation marks omitted)).  A motion to

reconsider must specify errors of fact or law in the BIA's decision and be supported by pertinent authority. 8 C.F.R. § 1003.2(b); see also Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 90 (2d Cir. 2001). We review the BIA's denial of such a motion for abuse of discretion. Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Id. at 233-34 (internal quotation marks omitted). "The BIA does not abuse its discretion by denying a motion to reconsider where the motion [merely] repeats arguments that the BIA has previously rejected." Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam).

In this case, the BIA did not abuse its discretion, because in his motion to reconsider, Khan merely repeated arguments raised previously. Both on direct appeal and in his motion for reconsideration, Khan argued that the agency failed to consider relevant facts or properly apply the law with respect to his Section 212(c) waiver application. In fact, in his brief before the BIA on the motion to reconsider, Khan implicitly acknowledged that he was restating the arguments he had raised on direct appeal:

> In the appeal brief dated May 27, 2004, undersigned counsel argued that the Immigration Judge inadequately considered positive factors in his decision. It was requested that the BIA address the factual and legal issues raised by this case. The BIA did not show that it reviewed the evidence presented and analyzed in the brief.

Because Khan merely repeated arguments made previously, we conclude that the BIA did not abuse its discretion. We therefore deny review with respect to those portions of Khan's petition

9

over which we have jurisdiction.

## CONCLUSION

For the reasons stated above, we DENY Khan's petition for review to the extent it raises questions of law over which we have jurisdiction, and we DISMISS the remaining portions of the petition for lack of jurisdiction. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.