LIANG KAI GAO, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE,
Attorney General Michael B.
Mukasey,[1] Respondents.

No. 07-457-ag.

United States Court of Appeals,
Second Circuit.

May 15 2008.

Richard Tarzia, Belle Mead, NJ, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Liang Kai Gao, a native and citizen of the People's Republic of China, seeks review of a September 7, 2007 order of the BIA affirming the January 17, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for withholding of removal.[2] *In re Liang Kai Gao,* No. A95 873 470 (B.I.A. Sept. 7, 2007), *aff'g* No. A95 873 470 (Immig. Ct. N.Y. City, Jan. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, we generally lack jurisdiction to review the agency's pretermission of an alien's asylum application. *See* 8 U.S.C. § 1158(a)(3). However, we retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law." In his brief, Gao argues that the IJ violated his due process rights by refusing to reconsider the timeliness of his asylum application where the BIA had found error in the IJ's adverse credibility finding. He further argues that in declining to revisit the asylum

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

2. Gao waived his application for relief under the Convention Against Torture ("CAT") at a merits hearing before the IJ and, as discussed below, the agency pretermitted his application for asylum.

application, the IJ misapplied the law of the case doctrine. Although these arguments state a question of law, *see Gui Yin Liu v. INS,* 508 F.3d 716, 722 (2d Cir. 2007), they are unavailing, *Khan v. Gonzales,* 495 F.3d 31, 35 (2d Cir.2007). In remanding Gao's case to the IJ, the BIA found that any error in the IJ's credibility finding was harmless as it related to the IJ's pretermission of Gao's asylum application. Thus, the BIA remanded only for further consideration of Gao's withholding and CAT claims. Under these circumstances, the IJ properly concluded that his prior finding that Gao's asylum application was untimely remained the law of the case. *See In re S–Y–G–,* 24 I. & N. Dec. 247, 250 (BIA 2007); *see also United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir. 2002). To the extent we have jurisdiction to review this aspect of Gao's petition, it is denied.

As to the agency's denial of Gao's application for withholding of removal, we find that Gao has failed to exhaust the arguments he makes before this Court. Before the agency, Gao argued that he was entitled to withholding of removal based solely on the forced sterilization of his wife—a claim which the BIA properly denied based on this Court's holding in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). However, in his brief to this Court, he argues that he is entitled to withholding of removal based on the fines that were imposed on him for having three children. As the Government has raised Gao's failure to exhaust before this Court, we decline to consider his unexhausted arguments. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).