Wayne JOHNSON, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 08–0403–ag.

United States Court of Appeals, Second Circuit.

Sept. 30, 2008.

Glenn L. Formica, New Haven, Connecticut, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Blair T. O'Connor, Senior Litigation Counsel, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Wayne Johnson, a native and citizen of Jamaica, seeks review of the January 10, 2008 order of the BIA affirming the September 26, 2007 decision of Immigration Judge ("IJ") Michael W. Straus denying his application for relief under the Convention Against Torture ("CAT"). *In re Wayne Johnson*, No. A23 456 801 (B.I.A. Jan. 10, 2008), *aff'g* A23 456 801 (Immig. Ct. Hartford Sept. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Johnson was found deportable on criminal grounds, our review is limited to constitutional claims and "questions of law." *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir.2007). While Johnson's brief to this Court does not assert that his challenges to the agency's decisions present "questions of law" over which we may exercise jurisdiction, his argument that the agency misapplied the standard for CAT eligibility is reviewable, even though it is ultimately without merit.[1] *See Khan v. Gonzales*, 495 F.3d

---

1. We decline to consider whether Johnson's challenges to the agency's adverse credibility

determination present "questions of law" because the agency explicitly found that, even if

31, 35 (2d Cir.2007).

Johnson argues that the IJ erred in his analysis of whether Jamaican officials would "acquiesce" to his torture by ignoring the "willful blindness" standard articulated by this Court in *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004). Johnson fails to acknowledge that the IJ discussed the "willful blindness" standard with his attorney at his merits hearing, and that the IJ properly took note of that standard in his decision. He similarly fails to acknowledge that the BIA explicitly discussed *Khouzam* and "willful blindness" before concluding, like the IJ, that even if credible, Johnson had not established eligibility for relief. Considering this record, there is insufficient evidence to conclude that the agency failed to apply the proper standard when evaluating Johnson's CAT eligibility.

In light of the foregoing, we deny Johnson's petition for review to the extent it raises a question of law over which we have jurisdiction, and dismiss the remaining portions of the petition for lack of jurisdiction. *See Khan*, 495 F.3d at 37.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

he were credible, he had not established eligibility for deferral of deportation under the CAT.

