**Gloria MOSCOSO–CABA, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 08–0362–ag.**

United States Court of Appeals, Second Circuit.

Dec. 4, 2008.

Gloria Moscoso–Caba, pro se, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Blair T. O'Connor, Senior Litigation Counsel; R. Alexander Goring, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

Present: SONIA SOTOMAYOR, ROBERT A. KATZMANN, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Gloria Moscoso–Caba, a native and citizen of the Dominican Republic, seeks re-

view of a January 7, 2008 order of the BIA affirming the August 22, 2007 decision of Immigration Judge ("IJ") Alan Vomacka, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and which found her ineligible for cancellation of removal. *In re Gloria Moscoso–Caba,* No. A36 690 219, 2008 WL 339675 (B.I.A. Jan. 7, 2008), *aff'g* No. A36 690 219 (Immig. Ct. N.Y. City Aug. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, because Moscoso–Caba is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(B) (relating to convictions for controlled substances offenses), we lack jurisdiction to review the agency's factual findings and discretionary determinations, including any challenge to the agency's denial of her application for cancellation of removal. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i) & (C). We are also without jurisdiction to review Moscoso–Caba's challenge to the fact that a single BIA member resolved her appeal as opposed to a three-member panel, *see Rotimi v. Gonzales,* 473 F.3d 55, 58 (2d Cir.2007) (quoting *Kambolli v. Gonzales,* 449 F.3d 454, 465 (2d Cir.2006)), and her claim raised for the first time here that she qualifies as a non-citizen national under INA § 341, *see* 8 U.S.C. § 1252(d)(1). However, we retain jurisdiction to review any constitutional claim or question of law raised in her petition for review. *See* 8 U.S.C. § 1252(a)(2)(D).

Liberally construing her *pro se* brief, Moscoso–Caba raises a "question of law," over which we have jurisdiction, *see* 8 U.S.C. § 1252(a)(2)(D), insofar as she argues that the agency applied an incorrect legal standard in evaluating her CAT claim. *See Ilyas Khan v. Gonzales,* 495

F.3d 31, 35 (2d Cir.2007). When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Here, Moscoso–Caba contends that in denying her CAT claim, the agency failed to consider whether government officials in the Dominican Republic would remain "willfully blind" to her torture. However, the record reveals that the agency applied the correct legal standard where it recognized that she "claim[ed] that it is more likely than not that Dominican public officials w[ould] 'acquiesce' in her self-torture" and where it concluded that she had not demonstrated that government officials' "failure to prevent her suicide or death by drug overdose could be considered 'acquiescence' in torture." *See Khouzam v. Ashcroft,* 361 F.3d 161, 170–71 (2d Cir. 2004) (noting that "both actual knowledge and willful blindness fall within the definition of the term acquiescence") (internal quotation marks and citations omitted). Accordingly, we deny Moscoso–Caba's petition for review to the extent that she argues that the agency applied the incorrect legal standard in evaluating her application for CAT relief.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.