**Aderonke Helen OLUSHINA,**
**Petitioner,**

v.

**U.S. DEPT. OF JUSTICE, Board**
**of Immigration Appeals,**
**Respondent.**

**No. 07–5315–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2009.

Brian I. Kaplan, Esq., Goldberg & Kaplan, LLP, New York, NY, for Petitioner.

Brendan P. Hogan, Office of Immigration Litigation, (Cindy S. Ferrier, on the brief) for Gregory G. Katsas, Assistant Attorney General, Civil Division, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN and Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. JED S. RAKOFF, District Judge.

### SUMMARY ORDER

Petitioner Aderonke Helen Olushina ("Olushina") petitions for review of an Oc-

tober 29, 2007 decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") Order denying her application for cancellation of removal under 8 U.S.C. § 1229b(a). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Olushina argues that by misreading and failing to consider pertinent record evidence, the IJ committed an error of law in its discretionary decision rejecting her application for cancellation of removal. *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 324 (2d Cir.2006) ("[T]he REAL ID Act restored the jurisdiction of courts to review even factual and discretionary decisions of the Attorney General ... only to the limited extent that the petition for review of such decisions raises a constitutional claim or a question of law."); 8 U.S.C. § 1252(a)(2)(D). The IJ applied, however, the proper legal standard for the exercise of discretion under § 1229b(a), and reasonably weighed the applicable favorable and adverse factors in denying the application. *See Matter of C–V–T,* 22 I. & N. Dec. 7, 11 (BIA 1998) (stating that the IJ "must balance [certain] adverse factors ... with the social and humanitarian considerations" in adjudicating a § 1229b(a) petition (quotation marks omitted)). The IJ noted Olushina's steady work history, long residency in the United States, U.S.-born children, and other "substantial family ties" to the country. The IJ weighed these favorable factors against convictions for theft and fraud in 1995, 1999, and 2004, emphasizing that the most recent arrest occurred after Olushina had been notified that her Legal Permanent Resident status was already in jeopardy. The IJ also pointed out that Olushina was required to pay restitution for the 1995 and 1999 crimes, which belied her conten-

tion that she did not personally benefit from the unlawful conduct. The IJ then concluded that Olushina's repeated failures to follow United States law outweighed "the hardship that will occur to her two children."

Though "an unambiguous misstatement of pertinent facts in the record" may indeed raise a question of law, the IJ's analysis did not rise to this level, even where the IJ incorrectly stated that Olushina had resided in the United States for 20 instead of 25 years and did not specifically describe her value to the community. *Khan v. Gonzales,* 495 F.3d 31, 35–36 (2d Cir. 2007). Rather, Olushina's contentions "essentially dispute[ ] ... the wisdom of [the IJ's] exercise of discretion." *Xiao Ji Chen,* 471 F.3d at 329. Therefore, she "raises neither a constitutional claim nor a question of law," *id.,* and we lack jurisdiction to review the petition. *See id.* at 329 n. 7 ("[T]he court is permitted to review only the 'constitutional claims or questions of law raised upon [the] petition for review.'" (citing § 1252(a)(2)(D))).

For the foregoing reasons, the petition for review is DISMISSED.