**Roopnarine LALL, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 07–5793–ag.**

United States Court of Appeals, Second Circuit.

Sept. 4, 2009.

1. Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

Adebola O. Asekun, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, R. Alexander Goring, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, B.D. PARKER, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Roopnarine Lall, a native and citizen of Trinidad and Tobago, seeks review of the November 30, 2007 order of the BIA affirming the October 3, 2006 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his motion to reopen to apply for adjustment of status. *In re Roopnarine Lall,* No. A070 700 338 (B.I.A. Nov. 30, 2007), *aff'g* No. A070 700 338 (Immig. Ct. N.Y. City, Oct. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both decisions for the sake of completeness. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). Ordinarily we review the agency's denial of a motion to reopen for abuse of discretion. *See Azmond Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). However, we lack jurisdiction to review the agency's refusal to reopen a case *sua sponte* because such a decision is "entirely discretionary." *Id.* at 518.

We have previously recognized the BIA's holding that "an *in absentia* deportation order need not always be rescinded before it can be reopened." *Song Jin Wu v. INS,* 436 F.3d 157, 163 (2d Cir.2006) (citing *Matter of M–S–,* 22 I. & N. Dec. 349, 352–56 (BIA 1998) (en banc)). When an alien ordered deported *in absentia* seeks reopening to apply for a form of relief that was unavailable at the time of his hearing before the IJ, the ordinary motion to reopen requirements apply. *Matter of M–S–,* 22 I. & N. Dec. at 356–57; 8 C.F.R. § 1003.23(b) (Motions to Reopen Before the IJ).

Lall's September 2006 motion to reopen was filed over twelve years after the IJ ordered him deported *in absentia.* Lall does dispute that his motion was untimely, and challenges only the IJ's refusal to reopen his deportation proceedings pursuant to her *sua sponte* authority. 8 C.F.R. § 1003.23(b)(1). We lack jurisdiction to consider such an argument. *See Azmond Ali,* 448 F.3d at 518. Finally, the government properly asserts that, even crediting Lall's argument that the BIA erred in failing to review the IJ's order denying his motion to reconsider, the error was harmless where we otherwise lack jurisdiction to consider the agency's denial of his motion to reopen. *See Khan v. Gonzales,* 495 F.3d 31, 34 (2d Cir.2007) (citing *Martinez–Maldonado v. Gonzales,* 437 F.3d 679, 683 (7th Cir.2006)).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.