08-1551-ag
Ni v. Holder
BIA
Straus, IJ
A29 799 044

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > **Chief Judge**,
> ROSEMARY S. POOLER,
> REENA RAGGI,
> > **Circuit Judges**.

_____

ZHOU HUA NI,
> **Petitioner**,

> v.                                              08-1551-ag
>                                                 NAC

ERIC H. HOLDER JR., ATTORNEY GENERAL,*
> **Respondent**.

_____

FOR PETITIONER:          Kevin R. Murphy, Springfield, Massachusetts.

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General, Civil Division, John S. Hogan, Senior Litigation Counsel, Achiezer Guggenheim, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhou Hua Ni, a native and citizen of the People's Republic of China, seeks review of a March 12, 2008 order of the BIA affirming the June 22, 2006 decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for asylum, withholding of removal, and CAT relief. In re Zhou Hua Ni, No. A29 799 044 (B.I.A. Mar. 12, 2008), aff'g No. A29 799 044 (Immig. Ct. Hartford, CT June 22, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard,

2

treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 104 (2d Cir. 2008).

As an initial matter, Ni has waived his CAT claim. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Furthermore, we decline to review Ni's claim that he has a well-founded fear that he will be forcibly sterilized in China because he failed to exhaust that claim before the agency. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20 (2d Cir. 2007). In addition, we generally lack jurisdiction to review the agency's determination under 8 U.S.C. § 1158(a)(2)(B), that an asylum application is untimely or the agency's finding that untimeliness has not been excused by changed or extraordinary circumstances, 8 U.S.C. § 1158(a)(2)(D).

We do retain jurisdiction to review "questions of law," 8 U.S.C. § 1252(a)(2)(D), and Ni's argument that the untimeliness of his application is excused by a change in applicable asylum law presents such a question. See Ilyas Khan v. Gonzales, 495 F.3d 31, 35 (2d Cir. 2007); Fakhry v.

3

*Mukasey,* 524 F.3d 1057, 1062 (9th Cir. 2008); 8 U.S.C. § 1252(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i)(B). Ni argues that he was presumably ineligible for asylum until 1997 when the BIA held in *Matter of C-Y-Z-,* 21 I.& N. Dec. 915 (B.I.A. 1997), that the forced sterilization of one spouse is an act of persecution against the other. However, even if that change in law would excuse the untimely filing, Ni waited nearly a decade after that decision was issued to file his application, hardly a reasonable length of time. See 8 C.F.R. § 1208.4(a)(4)(ii). Moreover, the BIA's holding in *Matter of C-Y-Z-* has since been overruled both by this Court in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007), and by the Attorney General in *Matter of J-S-,* 24 I.& N. Dec. 520, 537 (B.I.A. 2008). Thus, Ni failed to establish changed circumstances excusing the untimeliness of his asylum application.

In addition, the agency's adverse credibility determination was supported by substantial evidence and constituted a sufficient ground for denying Ni's application for withholding of removal. According to Ni, there are plausible explanations for certain incongruities, but the agency was under no obligation to accept the explanations. See *Majidi v. Gonzales,* 430 F.3d 77, 80-81 (2d Cir. 2005).

Moreover, the IJ did not err in finding that Ni's willingness to return to China undercut his testimony that he had a well-founded fear of future persecution. See Ramsameachire v. Ashcroft, 357 F.3d 169, 183 (2d Cir. 2004)(stating that an applicant must establish that he has a subjective fear of future persecution in order to be eligible for asylum); see also Ngarurih v. Ashcroft, 371 F.3d 182, 188-89 (4th Cir. 2004).

Ni's asylum application does not discuss his attendance at an underground church in China. Ni argues that this omission "cannot be viewed as substantial and material," but Ni's claims for relief all depended on his allegation that he participated in an underground church and faced persecution on that basis. Even if this omission were not "substantial" and "material," it would still suffice to support the IJ's adverse credibility determination under the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk