09-1312-ag
Baker v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand ten.

Present:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

ONIEL OINAR BAKER,

> *Petitioner,*

> v.                                      No. 09-1312-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

---

| | |
|---|---|
| For Petitioner: | LEON HAZANY, Leon Hazany & Associates, Los Angeles, CA |
| For Respondent: | JAMES E. GRIMES, Senior Litigation Counsel (Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, *of counsel*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC |

Petition for Review of a Decision of the Bureau of Immigration Appeals.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Oniel Oinar Baker appeals from the decision of the Bureau of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's order of removal. We assume the parties' familiarity with the facts and procedural history of the case.

Petitioner argues that the Immigration Judge and the BIA erred by not granting him a waiver of removal under section 212(h) of the Immigration and Nationality Act, 8 U.S.C. § 1182(h). The government responds that Baker may not raise this argument because he failed to administratively exhaust it. The government is correct. "To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007); *see also Kahn v. Gonzales*, 495 F.3d 31, 36 (2d Cir. 2007) ("[W]e are precluded from considering this challenge because [petitioner] failed to raise this issue before the BIA."). Here, both Baker's Notice of Appeal to the BIA and his brief before the BIA are devoid of any reference to his eligibility for a section 212(h) waiver. Baker therefore may not raise this issue before this Court.

Moreover, even if Baker had administratively exhausted his argument that he is eligible for section 212(h) relief, his argument would fail given the statutory requirements that bind us. "An alien applying for relief or protection from removal has the burden of proof to establish that the alien . . . satisfies the applicable eligibility requirements." 8 U.S.C. § 1229a(c)(4)(A). Despite being given two years to produce such evidence, Baker did not produce any evidence that his conviction was for possession of less than thirty grams of marijuana such that he was eligible

-2-

for the waiver.  Therefore, we have no choice but to conclude that the Immigration Judge properly found Baker ineligible for a section 212(h) waiver.

Accordingly, for the foregoing reasons, Baker's petition for review of the BIA's decision is hereby **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK