<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1232**

_____

ABDULLAHI SAID HERSI; ABDULKADIR A. SAID; MOHAMUD AB SAID;
MOHAMED ABDULLAHI SAID,

            Petitioners,

      v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted: March 15, 2010          Decided: March 29, 2010

_____

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Ivan Yacub, YACUB LAW OFFICES, Falls Church, Virginia, for
Petitioners. Tony West, Assistant Attorney General, Stephen J.
Flynn, Assistant Director, Annette M. Wietecha, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Petitioners, Abdullahi Said Hersi, and his adult children, Abdulkadir A. Said, Mohamud Ab Said, and Mohamed Abdullahi Said, natives and citizens of Somalia, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's decision, which denied their asylum applications as untimely and granted their requests for withholding of removal. Finding no error, we deny the petition for review.

An asylum applicant must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B) (2006). An application may be considered outside of the one-year period where an alien demonstrates the existence of changed or extraordinary circumstances to excuse the untimely filing pursuant to 8 U.S.C. § 1158(a)(2)(D).

Pursuant to 8 U.S.C. § 1158(a)(3), the court typically lacks jurisdiction to review a determination that an alien has failed to timely file his asylum application. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009), cert. denied, __ S. Ct. __, 78 U.S.L.W. 3091 (U.S. Jan. 11, 2010) (No. 09-194). Although 8 U.S.C. § 1252(a)(2)(D) (2006) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this Act

2

. . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," this court has found that the question of whether an alien timely filed his asylum application "is a discretionary determination based on factual circumstances." Gomis, 571 F.3d at 358. Accordingly, "absent a colorable constitutional claim or question of law, [the court's] review of the issue is not authorized by § 1252(a)(2)(D)." Id.

In this case, however, the Petitioners raise a reviewable question of law over which we retain jurisdiction pursuant to § 1252(a)(2)(D).[*] In their brief before this court, the Petitioners argue that the immigration judge and the Board impermissibly held them to a stricter legal standard than the "clear and convincing evidence" standard set forth in 8 U.S.C. § 1158(a)(2)(B). They maintain that the Board "imposed a more stringent standard than what is required to convict under a beyond a reasonable doubt evidentiary standard." As found by several of our sister courts, "[a] reviewable 'question of law' may be raised where the agency used the 'wrong legal standard' in coming to a determination on a discretionary determination." Lumataw v. Holder, 582 F.3d 78, 85 (1st Cir. 2009) (holding that

---

[*] We previously denied the Attorney General's motion to dismiss the petition for review on this ground.

3

the question of whether the immigration judge and the Board applied the correct filing deadline in assessing the timeliness of petitioner's asylum application was a reviewable question of law); see Khan v. Filip, 554 F.3d 681, 689 (7th Cir. 2009) (recognizing that "[s]ome discretionary determinations do present underlying, reviewable questions of law, such as those in which the agency is alleged to have applied the wrong legal standard"); Khan v. Gonzales, 495 F.3d 31, 35 (2d Cir. 2007) (holding that "where, as here, a petitioner argues that the agency applied an erroneous legal standard in making a discretionary determination, the petitioner raises a question of law, which we have jurisdiction to review").

Based on our review of the record, we find no indication that the Petitioners were held to an impermissibly high standard of review. We find that the Board articulated the correct standard of review, thoroughly analyzed the evidence submitted by the Petitioners, and properly upheld the immigration judge's finding that the evidence was insufficient to establish by clear and convincing evidence that the Petitioners filed their asylum application within one year of their arrival in the United States.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED