Xia v. Holder

BIA
Chew, IJ
A089 254 386

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges.*

_____

MEIZHEN XIA
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-979-ag
NAC

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Anthony P. Nicastro, Senior
                     Litigation Counsel; Bernard A.
                     Joseph, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Meizhen Xia, a native and citizen of the People's Republic of China, seeks review of a March 9, 2010 order of the BIA denying Xia's motion to remand and affirming the December 19, 2008 decision of Immigration Judge ("IJ") George T. Chew, which pretermitted her application for asylum as untimely and denied her application for withholding of removal and relief under the Convention Against Torture ("CAT").  *In re Meizhen Xia*, No. A089 254 386 (B.I.A. Mar. 9, 2010), *aff'g* No. A089 254 386 (Immig. Ct. N.Y. City Dec. 19, 2008).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)(2006)*; see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007)*; Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

## I.   Pretermission of Asylum Application as Untimely

Under 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, we retain jurisdiction to review constitutional claims and "questions of law."  8 U.S.C. § 1252(a)(2)(D).  We therefore consider Xia's argument that the agency applied the wrong legal standard in pretermitting her asylum application because it raises a question of law. *See Ilyas Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007).

In this case, the IJ erroneously determined that changed personal circumstances could not be grounds for excusing the untimely filing of an asylum application.

2

Consequently, the IJ erred in pretermitting Xia's asylum application based on her failure to demonstrate that extraordinary circumstances prevented her from filing her asylum application within one year of her entry. It is well-established that changed circumstances material to an applicant's eligibility for asylum may excuse the untimely filing of an asylum application. *See* 8 U.S.C. § 1158(a)(2)(D) (requiring applicants who file their asylum application more than one year after their entry into the country to demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within" one year of entry); *see also* 8 C.F.R. § 1208.4(a)(4)(i)(2011) (explaining that "changed circumstances" include, *inter alia*, "[c]hanges in the applicant's circumstances that materially affect the applicant's eligibility for asylum, including . . . activities the applicant becomes involved in outside the country of feared persecution that place the applicant at risk"). Here, Xia's asserted changed personal circumstances—namely her conversion to Christianity and her pregnancy with her second child—are materially relevant to her asylum eligibility, and it was legal error to rule that Xia's untimely filing could not be excused on the basis of such circumstances. That said, remand would be futile because both the IJ and the BIA thoroughly analyzed whether Xia had established a well-founded fear of persecution and, as discussed *infra*, reasonably determined that she had not. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (explaining that "[t]he overarching test for deeming a remand futile" is whether "the reviewing court can 'confidently predict' that the agency would reach the same decision absent the errors that were made"); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

3

## II. Application for Relief

### A.    Family Planning Claim

Xia's arguments regarding her eligibility for relief based on the birth of her two U.S.-citizen children are largely foreclosed by our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-67 (2d Cir. 2008), which found, under evidence similar to that submitted here, no error in the agency's conclusion that such evidence was insufficient to establish a well-founded fear of persecution, *id.* at 156-57.  Contrary to Xia's argument, a reasonable fact-finder would not be compelled to conclude that the agency ignored any material evidence in the record.  *See id.* at 169 (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  Moreover, the agency did not err in finding that the letters and statements Xia submitted were not *material* to her claimed fear of future persecution because they did not detail the forced sterilizations of similarly situated individuals—namely, those who gave birth to two children in the United States.  *See Jian Hui Shao*, 546 F.3d at 160-61.  Substantial evidence thus supports the agency's determination that Xia failed to demonstrate a well-founded fear of persecution in China based on the birth of her two U.S.-citizen children.  The agency reasonably denied her application for relief based on this claim.  *See id.* at 157-67; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006) (finding that an IJ's denial of asylum necessarily precludes the success of an alien's withholding of removal and CAT claims where those claims are based on the same factual predicate as an the asylum claim).

### B.    Christianity Claim

We find no error in the agency's determination that Xia failed to demonstrate her eligibility for relief based on her practice of Christianity.  *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2), (c)(2)(2011).  Indeed, the U.S. State

Department's 2006 Country Report for China as well as the 2007 Religious Freedom Report for China support the IJ's determination that, although the background evidence demonstrated that the Chinese government has engaged in the persecution of Christians, such persecution has not occurred throughout the country. Moreover, we find no error in the IJ's determination that Xia failed to demonstrate that officials in China were aware of her Christian beliefs or that they would inflict harm on her rising to the level of persecution on account of those beliefs. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008). Substantial evidence supports the agency's finding that Xia failed to demonstrate a well-founded fear of persecution based on her Christian beliefs and activities, and the agency reasonably denied her application based on that claim. *See id.; see also Paul*, 444 F.3d at 156.

## III.  Motion to Remand

Xia argues that the BIA's denial of her motion to remand was legally erroneous because the sole ground upon which the BIA relied was Xia's failure to provide her own affidavit in support of the motion. The record does not support this argument.

The BIA is without jurisdiction to consider new evidence not in the record before the IJ. A party wishing to present new evidence in support of her claim must file a motion to remand. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion to remand."). A motion to remand that relies on new evidence is held to the substantive standard of a motion to reopen. *See Li Yong Cao,* 421 F.3d at 156. The agency may deny a motion to remand or reopen when a *prima facie* case for the relief sought is not established. *INS v. Abudu*, 485 U.S. 94, 104 (1988)*; see also Matter of Coelho,* 20 I. & N. Dec. 464, 472 (B.I.A. 1992).

The BIA did not abuse its discretion in denying Xia's motion to remand. It reasonably determined that Jin Fu Chen's statement failed to establish Xia's *prima facie* eligibility for relief because Chen was not similarly situated to Xia insofar as his purportedly forced sterilization occurred seven years prior to Xia's motion to

5

remand, his children were from Japan and not the United States, and he voluntarily registered his children in his household registry. *See Jian Hui Shao*, 546 F.3d at 159-61.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk