11-2092-ag
King v. Holder

BIA
Straus, IJ
A047 569 681

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

DEVON IAN KING,
> *Petitioner,*

v.                                      11-2092-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Glenn L. Formica, Formica, P.C., New Haven, Connecticut.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Manuel A. Palau, Trial Attorney, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Devon Ian King, a native and citizen of Jamaica, seeks review of an April 25, 2011, order of the BIA, affirming the January 11, 2010, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for a waiver of inadmissibility. *In re Devon Ian King,* No. A047 569 681 (B.I.A. Apr. 25, 2011), *aff'g* No. A047 569 681 (Immig. Ct. Hartford, Conn. Jan. 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because King is challenging the denial of discretionary relief under 8 U.S.C. § 1182(i), we have jurisdiction to review only constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D).

King argues that the IJ erred by finding him inadmissible on grounds of fraud or willful misrepresentation under 8 U.S.C. § 1182(a)(6)(C)(i). Petitioner did not raise this issue before the BIA, which consequently did not address it. "[W]e are precluded

2

from considering this challenge because [Petitioner] failed to raise this issue before the BIA, and the government raises issue exhaustion as an affirmative defense." *Khan v. Gonzales*, 495 F.3d 31, 36 (2d Cir. 2007).

King also asserts that the BIA improperly relied on *Matter of Mendez-Moralez*, 21 I. & N. Dec. 296, 299-300 (B.I.A. 1996), a case involving a waiver application under 8 U.S.C. § 1182(h), in balancing the equities within the context of its discretionary determination under 8 U.S.C. § 1182(i).[1] *Mendez-Moralez* requires an "Immigration Judge [to] balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented on his behalf to determine whether the grant of relief in the exercise of discretion appears to be in the best interests of this country." *Id.* at 300.

We need not reach the question whether the BIA correctly applied the standard from *Mendez-Moralez* to Petitioner's case, because the only negative equities considered by either the IJ or the BIA were the various misrepresentations Petitioner made in seeking to remain in this country. The BIA has made clear that fraud or misrepresentation in seeking an immigration benefit may "properly [be] considered . . . as an adverse factor in denying . . . relief under section [1182(i)] . . . as a matter of

---

[1] This contention raises a question of law, over which we may exercise jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D).

3

discretion." *Matter of Cervantes-Gonzales*, 22 I. & N. Dec. 560, 569 (B.I.A. 1999). Petitioner does not challenge the actual weighing of his misrepresentations against the positive equities involved in his case, and, even if he did, we would have no jurisdiction to review the IJ's and BIA's discretion in weighing these equities. *See* 8 U.S.C. § 1252(a)(2)(B). Accordingly, the rule of *Cervantes-Gonzales* is dispositive.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because we affirm the BIA's determination that Petitioner would not be entitled to discretionary relief under 8 U.S.C. § 1182(i) even had he shown extreme hardship, we do not reach the question whether the IJ erred in concluding that Petitioner failed to show such hardship.

4