SUMMARY ORDER

Petitioner Roopnarine Lall, a native and citizen of Trinidad and Tobago, seeks review of the November 30, 2007 order of the BIA affirming the October 3, 2006 decision of Immigration Judge (“IJ”) Patricia A. Rohan denying his motion to reopen to apply for adjustment of status. In re Roopnarine Lall, No. A070 700 338 (B.I.A. Nov. 30, 2007), aff'g No. A070 700 338 (Immig. Ct. N.Y. City, Oct. 3, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both decisions for the sake of completeness. Wang chuck v. Dep’t of Homeland Sec., 448 F.3d 524, 528 (2d Cir.2006). Ordinarily we review the agency’s denial of a motion to reopen for abuse of discretion. See Azmond Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). However, we lack jurisdiction to review the agency’s refusal to reopen a case sua sponte because such a decision is “entirely discretionary.” Id. at 518.
We have previously recognized the BIA’s holding that “an in absentia deportation order need not always be rescinded before it can be reopened.” Song Jin Wu v. INS, 436 F.3d 157, 163 (2d Cir.2006) (citing Matter of M-S-, 22 I. & N. Dec. 349, 352-56 (BIA 1998) (en banc)). When an alien ordered deported in absentia seeks reopening to apply for a form of relief that was unavailable at the time of his hearing before the IJ, the ordinary motion to reopen requirements apply. Matter of M-S-, 22 I. & N. Dec. at 356-57; 8 C.F.R. § 1003.23(b) (Motions to Reopen Before the IJ).
Lall’s September 2006 motion to reopen was filed over twelve years after the IJ ordered him deported in absentia. Lall does dispute that his motion was untimely, and challenges only the IJ’s refusal to reopen his deportation proceedings pursuant to her sua sponte authority. 8 C.F.R. § 1003.23(b)(1). We lack jurisdiction to consider such an argument. See Azmond Ali, 448 F.3d at 518. Finally, the government properly asserts that, even crediting Lall’s argument that the BIA erred in failing to review the IJ’s order denying his motion to reconsider, the error was harmless where we otherwise lack jurisdiction to consider the agency’s denial of his motion to reopen. See Khan v. Gonzales, 495 F.3d 31, 34 (2d Cir.2007) (citing Martinez-Maldonado v. Gonzales, 437 F.3d 679, 683 (7th Cir.2006)).
For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.