10-5238-ag
Leclerc v. Holder

BIA
A039 050 038

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of May, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

_____

MAXO LECLERC,
> *Petitioner,*

    v.                                          10-5238-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Glenn H. Bank, New York, NY.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Claire L. Workman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED for lack of jurisdiction.

Maxo Leclerc, a native and citizen of Haiti, seeks review of a November 30, 2010 decision of the BIA denying his motion to reconsider its April 2010 order upholding the denial of his application for a waiver of inadmissibility under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). *In re Maxo Leclerc*, No. A039 050 038 (B.I.A. Nov. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). Generally, we lack jurisdiction to review both the discretionary denial of § 212(c) relief and final orders of removal against aliens who are removable by reason of having committed a crime of moral turpitude. *See* 8 U.S.C. §§ 1252(a)(2)(B)(ii), (a)(2)(C). Additionally, in cases in which we lack jurisdiction to review an underlying removal order, we typically lack jurisdiction to review the denial of a motion to reconsider that order as well. *See Khan v.*

2

*Gonzales*, 495 F.3d 31, 34, 36 (2d Cir. 2007). Although we retain jurisdiction to review "constitutional claims or questions of law," *see* 8 U.S.C. § 1252(a)(2)(D), such claims must be colorable to invoke our jurisdiction. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

Here, the jurisdictional bars under 8 U.S.C. §§ 1252(a)(2)(B)(ii) and (a)(2)(C) apply, as Leclerc is seeking review of the discretionary denial of section 212(c) relief and is removable by reason of having committed a crime of moral turpitude, *to wit*, second-degree insurance fraud. Leclerc has not restored our jurisdiction by raising a colorable constitutional claim or question of law. The Government correctly notes that Leclerc has waived any argument that the BIA's decision violated his due process rights by failing to exhaust the argument before the BIA in his motion to reconsider. *See Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 78 (2d Cir. 2008).

Additionally, Leclerc's primary argument—that the BIA abused its discretion in determining that his prior conviction for insurance fraud was "very serious" without conducting a proper analysis or relying on controlling authority—is "so insubstantial and frivolous as to be inadequate to invoke [our] jurisdiction." *See Barco-Sandoval*, 516 F.3d at 40. Relevant authority

3

identifying the standard that the BIA should have applied under the circumstances is conspicuously absent from Leclerc's petition for review. Indeed, the BIA is not bound by a particular legal standard in evaluating the seriousness of an alien's criminal history under section 212(c), and its evaluation involves the discretionary weighing of the equities presented by each case. *See generally Matter of Edwards*, 20 I&N Dec. 191, 195-96 (B.I.A. 1990). Accordingly, as Leclerc has not raised a colorable constitutional claim or question of law, we lack jurisdiction over his petition for review. *See Barco-Sandoval*, 516 F.3d at 40.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk