*Suriel v. Sessions*

BIA
Lyons, IJ
A058 293 487

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

JUAN ELIAS SURIEL,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

17-134
NAC

_____

FOR PETITIONER:             Craig Relles, White Plains, NY.

FOR RESPONDENT:             Chad A. Readler, Acting Assistant
                            Attorney General; Cindy S. Ferrier,
                            Assistant Director; Song E. Park,
                            Senior Litigation Counsel, Office

of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Juan Elias Suriel, a native and citizen of the Dominican Republic, seeks review of a December 15, 2016, decision of the BIA vacating a July 20, 2016, decision of an Immigration Judge ("IJ") granting Suriel's application for deferral of removal under the Convention Against Torture ("CAT"). *In re Juan Elias Suriel,* No. A058 293 487 (B.I.A. Dec. 15, 2016), *vacating* No. A058 293 487 (Immig. Ct. N.Y. City July 20, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA vacated the IJ's grant of CAT deferral, we review the BIA's opinion as the final decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Our jurisdiction to review a final

2

order of removal of an alien who, like Suriel, was ordered removed for an aggravated felony or a controlled substance offense, is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(C), (D). We therefore retain jurisdiction to consider Suriel's arguments that the BIA misapplied clear error review and the governmental acquiescence standard. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 135 (2d Cir. 2012); *Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007).

An applicant who establishes that he likely will be tortured in the country of removal is eligible for deferral of removal under the CAT. 8 C.F.R. §§ 1208.16(c)(3), 1208.17(a). To constitute "torture," the harm must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). Cognizable acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

3

"In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered . . . ." 8 C.F.R. § 1208.16(c)(3). "A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding," and "[s]uch a finding may be rejected . . . as speculative only in those instances where the IJ lacks an adequate basis in the record for the determination that a future event will, or is likely to, occur." *Hui Lin Huang*, 677 F.3d at 134. "Facts determined by the immigration judge . . . shall be reviewed [by the BIA] only to determine whether the findings of the immigration judge are clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i). For the reasons that follow, we conclude that the BIA erred in its application of clear error review.

First, the BIA did not assess the sufficiency of the IJ's bases for determining that the Dominican government would acquiesce in Suriel's likely torture and merely substituted its own view of the facts. *See Hui Lin Huang*, 677 F.3d at 134-35; 8 C.F.R. § 1003.1(d)(3)(i). The IJ clearly stated

4

his bases for finding that the Dominican government would acquiesce: Suriel's credible testimony that one of the men who threatened him had harmed people in Dominican Republic in the past, but avoided arrest by bribing the police; the Dominican Republic's policy of requiring criminal deportees to register and periodically report; and U.S. State Department and Amnesty International reports describing endemic corruption of law enforcement. Although the BIA acknowledged the reports of corruption, it did not consider the evidence of the past bribe or the registration and reporting requirement before rejecting the IJ's acquiescence determination as unsupported. Because the BIA may reject an IJ's factual finding only where it lacks an adequate basis in the record, the BIA's failure to assess the adequacy of the evidence relied on by the IJ does not reflect clear error review. *See Hui Lin Huang*, 677 F.3d at 134-35.

Second, the BIA's stated grounds for rejecting the IJ's acquiescence finding are either legally erroneous or misstatements of the record amounting to legal error. *See Khouzam*, 361 F.3d at 171; *see also Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (holding that an agency may commit an

5

error of law where "important" facts "have been totally overlooked and others have been seriously mischaracterized"). The BIA stated that there was no evidence that any specific Dominican official may wish to harm Suriel, but cognizable acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171. It does not require the harm to be inflicted by a state actor. *Id.* The BIA also stated that there was no evidence that the people Suriel fears have any contacts or connection with the Dominican government, but Suriel credibly testified that one man who threatened him had previously shot someone in the Dominican Republic and avoided arrest by bribing the police. The BIA's failure to mention Suriel's testimony suggests that it overlooked evidence. *See Mendez*, 566 F.3d at 323.

Third, the BIA's labeling of the IJ's factfinding as "speculative" does not bring the BIA's decision within the ambit of clear error review. "Decisions as to . . . which of competing inferences to draw are entirely within the province of the trier of fact[,]" and "the drawing of a fair

6

inference inevitably entails some measure of speculation." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (ellipsis in original) (internal quotation marks omitted). "[S]peculation and conjecture become legally impermissible only when there is a complete absence of probative facts to support the conclusion reached." *Id.* (internal quotation marks omitted). "[S]peculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts . . . in light of common sense and ordinary experience." *Id.* at 168-69. And a "finding may not be rejected as speculative simply because it concerns a future event." *Hui Lin Huang*, 677 F.3d at 134. Here, notwithstanding the BIA's contrary assertion, the IJ's finding that the Dominican government would acquiesce to Suriel's torture is tethered to specific facts relating to Suriel: namely, his credible testimony that one of the men who threatened him previously shot someone in the Dominican Republic with impunity. The IJ's finding was also tethered to the generalized evidence in the country reports concerning systemic corruption in law enforcement and the Dominican government's registration policy for returning criminal

7

deportees.  However, as noted above, the BIA did not assess this evidence before deeming the IJ's finding unsupported and, thereby, substituted its own view of the facts.

Lastly, we reject the BIA's assertion that the IJ applied an incorrect standard for CAT relief.  The statement excerpted by the BIA in a footnote, when read in context, clearly reflects application of the more likely than not standard.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and case is REMANDED for further proceedings consistent with this order.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8