Chen v. Sessions

BIA
Bukszpan, IJ
A087 787 770

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand eighteen.

PRESENT:
REENA RAGGI,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges.*

_____

ZHAOYI CHEN,
*Petitioner,*

v.                                                    16-3360
                                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Farah Loftus, Los Angeles, CA.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Keith I.
                         McManus, Assistant Director; Juria
                         L. Jones, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Zhaoyi Chen, a native and citizen of the People's Republic of China, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhaoyi Chen,* No. A087 787 770 (B.I.A. Sept. 2, 2016), *aff'g* No. A087 787 770 (Immig. Ct. N.Y. City Mar. 2, 2015). Under the circumstances of this case, we review the IJ's and the BIA's decisions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1254(b)(4)(B); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008) (reviewing questions of law and application of law to undisputed fact *de novo*). In so doing, we assume the parties' familiarity with the underlying facts and procedural history in this case.

2

Asylum

Title 8 U.S.C § 1158(a)(3) states that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Notwithstanding that provision, federal courts retain jurisdiction to review "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, Chen does not address the jurisdictional bar, but asserts that the documents and testimony she offered to the IJ constituted "clear and convincing evidence as to the date of her arrival into the [U]nited States." Petitioner Br. 7. As her argument merely "disputes the correctness of [the] IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law," we lack jurisdiction to review it. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008); *see Ilyas Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir.2007) (explaining that this court's "analysis of whether a petition presents reviewable claims focuses on the nature of the claims raised and not on the merits of those claims"). To the extent Chen raises a due process claim by arguing that the IJ did not "allow" her cousin to testify, Petitioner Br. 5, the record is to the

3

contrary. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." (internal quotation marks omitted)). At the hearing, Chen's counsel represented that the cousin would "testify in accordance with his [written] statement," so his live testimony was unnecessary. C.A.R. 110. Accordingly, because the IJ did not deny Chen an opportunity to present witnesses, we reject her constitutional challenge, and dismiss the petition to the extent it seeks review of the denial of asylum relief.

Withholding of Removal and CAT Relief

To qualify for withholding of removal, an applicant must demonstrate that her "life or freedom would be threatened in [the] country [of removal]" on the basis of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see* 8 C.F.R. § 208.16(b); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 339 (2d Cir.2006). An applicant bears the burden of demonstrating past persecution or a likelihood of future persecution in order to establish eligibility for withholding

4

of removal.  *See* 8 C.F.R. § 1208.16(b), (c)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).  Where, as here, "the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  8 U.S.C. § 1158(b)(1)(B)(ii).  Before denying a claim for insufficient corroboration, an IJ should "point to specific pieces of missing, relevant documentation and show that this documentation was reasonably available," provide the alien "an opportunity to explain the omission," and "assess any explanation that is given."  *Chuilu Liu v. Holder*, 575 F.3d at 198 (internal quotations marks, citations, and alterations omitted).

The agency found that Chen (1) failed to provide sufficient corroborating evidence of past persecution, and (2) did not establish that she will more likely than not be subject to future persecution in China on account of her religion.

In challenging these determinations here, Chen states only that she was "detained, beaten, and tortured by the police in China and she is afraid that if she is forced to

5

return to China she will be jailed and tortured again because of her religion." Petitioner Br. 14. As Chen does not meaningfully challenge either basis for denying her eligibility for withholding of removal, she has forfeited any such challenge. *See Chuilu Liu v. Holder*, 575 F.3d at 195 (deeming argument forfeited where petitioner's brief on appeal did not mention CAT relief); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding claim for relief abandoned where a petitioner "devote[d] only a single conclusory sentence to the argument").

In any event, the agency did not err in concluding that Chen failed to provide reasonably available corroborating evidence. Chen testified that she required medical treatment after her detention, but failed to ask her family to obtain records from the clinic she visited. *See Chuilu Liu*, 575 F.3d at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). The IJ's finding that such records were reasonably available was reinforced by Chen's production of other medical records in support of her contention that she entered the United States in May 2009. The agency did not err in declining to credit statements from Chen's family and friend because they

were prepared for Chen's removal proceedings and were written by individuals who were not made available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency decision to afford little weight to petitioner's husband's unsworn letter); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding letters from friends and family insufficient to support alien's claims because authors were interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Furthermore, the agency reasonably found that the country conditions evidence did not demonstrate a pattern or practice of persecution of similarly situated Catholics so as to corroborate Chen's claimed fear of future persecution. The country conditions evidence reflects local variation in China's treatment of Christians, and shows no persecution of Christians in Chen's home region. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 1489-4950, 165-66 (2d Cir. 2008) (upholding BIA's no well-founded fear of future persecution determination where enforcement of policy at issue varied by region, and petitioner did not show enforcement in home region amounting to persecution).

Accordingly, the agency did not err in finding that Chen failed to satisfy her burden of establishing past persecution or a likelihood of future persecution on account of her religion.  That finding is dispositive of CAT relief because both claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8