Perez Miguel v. Garland

BIA
A097 535 038

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

MARIA ANGELA PEREZ MIGUEL,
> *Petitioner*,

     v.                              21-6164
                                              NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER: Bruno J. Bembi, Hempstead, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Rachel Browning, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Angela Perez Miguel, a native and citizen of Guatemala, petitions for review of the BIA's February 26, 2021 denial of her motion to reconsider its prior decision affirming an Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and rejecting her claim to have received ineffective assistance of counsel before the IJ. *In re Maria Angela Perez Miguel,* No. A097 535 038 (B.I.A. Feb. 26, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of reconsideration for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider

"shall specify the errors of law or fact in the previous order." 8 U.S.C. § 1229a(c)(6)(C); *see* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 90 (2d Cir. 2001) ("A motion to reconsider asserts that at the time of the Board's previous decision an error was made." (quotation marks omitted)). "A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied." *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006). "The BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected." *Khan v. Gonzales*, 495 F.3d 31, 36 (2d Cir. 2007) (quotation marks and brackets omitted).

The BIA did not abuse its discretion in declining to reconsider its prior decision because Perez Miguel raised arguments that either (1) could have been raised in earlier proceedings or (2) were raised and rejected on appeal to the BIA.[1] *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1); *Khan*, 495 F.3d at 36; *In re O-S-G-*, 24 I. & N. Dec. at 58. The BIA also did not err in rejecting Perez Miguel's

---

[1] Even assuming arguendo that the BIA erred in finding that Perez Miguel had waived her challenge to the proposed social group of "Guatemalan wom[e]n who [were] raped and later threatened," ROA at 215, remand on that basis would be futile in light of the alternative adverse credibility determination, which was dispositive of her asylum and withholding of removal claims. *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (explaining that remand is futile "when the [agency] articulates an alternative and sufficient basis for her determination" (quotation marks omitted)).

3

ineffective assistance of counsel claim because she did not comply with the procedural requirements for raising such claims as laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. U.S. Dep't of Just.*, 409 F.3d 43, 46–47 (2d Cir. 2005) ("[A]n alien who has failed to comply substantially with the *Lozada* requirements . . . before the BIA forfeits her ineffective assistance of counsel claim in this Court.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and all pending stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court