23-6532
Shantnu v. Bondi

BIA
A202 020 222

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-five.

PRESENT:
>       DEBRA ANN LIVINGSTON,
>               *Chief Judge,*
>       STEVEN J. MENASHI,
>       EUNICE C. LEE,
>               *Circuit Judges.*
_____

AL AMIN SHANTNU,
>       *Petitioner,*

>       v.                                    23-6532
>                                             NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*
_____

FOR PETITIONER:                 Mahfuzur Rahman, Esq., Elmhurst, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Lindsay M. Murphy, Deputy Chief, National Security Unit; Stefanie Notarino Hennes, Senior Counsel for National Security, National Security Unit, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Al Amin Shantnu petitions for review of an April 21, 2023, decision of the BIA denying his motion to reconsider his removal order. *In re Al Amin Shantnu*, No. A202 020 222 (B.I.A. Apr. 21, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Shantnu's petition is timely as to the BIA's 2023 decision denying his motion to reconsider but not as to the underlying 2022 decision ordering him removed and denying asylum and related relief; thus, the decision related to his motion to reconsider is the only one before us. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (concluding that review is limited to BIA's denial of a motion where petition is filed only from the denial of

2

the motion, and not from the underlying decision denying asylum).

In his brief, Shantnu does not challenge the BIA's denial of his motion to reconsider, arguing only that the IJ and BIA erred in denying his application for asylum and related relief. We consider abandoned and do not reach "any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). Because Shantnu does not challenge the BIA's dispositive findings that his motion to reconsider failed to identify errors of law or fact in the underlying agency decisions and merely reiterated previously rejected arguments, we deny the petition for review. *Id.* at 684–85.

Were we to reach the merits of the BIA's denial of reconsideration, we would find no abuse of discretion because, as the BIA determined, a motion to reconsider must "specify the errors of law or fact in the previous order," 8 U.S.C. § 1229a(c)(6)(C), and "[t]he BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected," *Khan v. Gonzales*, 495 F.3d 31, 36 (2d Cir. 2007) (quotation marks and brackets omitted).

3

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court